IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03198-GPG

CLARENCE KING,

    Applicant,

v.

MICHAEL MILLER, Warden, Crowley County Correctional Facility, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

---

ORDER OF DISMISSAL

---

**I. Background**

    Applicant, Clarence King, is a prisoner in the custody of the Colorado Department of Corrections currently incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. King has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging his conviction and sentence in Denver County District Court case no. 03CR2350. In an order entered on November 26, 2014 Magistrate Judge Gordon P. Gallagher directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action.

    On December 12, 2014, Respondents filed their Pre-Answer Response (ECF No. 8) asserting that the action is untimely and that both claims are procedurally defaulted. After being granted an extension of time, Applicant filed a Reply (ECF No. 11) on January 30, 2015.

## II. Analysis

The Court must construe liberally the Application and Reply because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not "assume the role of advocate for the *pro se* litigant." *See Hall*, 935 F.2d at 1110.

In December 2003, a jury found Applicant guilty of second degree assault (deadly weapon), second degree kidnapping, and attempted sexual assault. (ECF No. 8-1 at 12; ECF No. 8-3 at 1.) The trial court sentenced him to ten years for second degree assault, ten years for second degree kidnapping, and an indeterminate sentence of eight years to life for attempted sexual assault, to be served concurrently. (ECF No. 8-1 at 11; ECF No. 8-3 at 1-2.) Applicant filed a direct appeal and the Colorado Court of Appeals affirmed the conviction and sentence on August 10, 2006 in a published opinion. (*See* ECF No. 8-3, *People v. King,* 151 P.3d 594 (Colo. App. 2006)). Applicant filed a petition for writ of certiorari, which was denied by the Colorado Supreme Court on February 15, 2007. (ECF No. 8-1 at 9.)

Applicant then filed a Colo. R. Crim. P. 35(c) motion on May 11, 2007, and a combined motion to accept a Colo. R. Crim. P. 35(b) motion for sentence reconsideration and modification of sentence as timely filed on August 15, 2007. (ECF No. 8-1 at 9.) On August 30, 2007, the trial court denied all pending motions. (*Id.*) Applicant did not appeal.

On March 10, 2008, Applicant filed a Colo. R. Crim. P. 35(a) motion to correct an illegal sentence, which the trial court denied on May 29, 2008. (ECF No. 8-1 at 8.) Applicant attempted to appeal, but the Colorado Court of Appeals denied his motion for an extension of time to file a notice of appeal and dismissed the appeal. (*Id.;* ECF No. 8-4.)

On June 1, 2009, Applicant filed another Colo. R. Crim. P. 35(c) motion, which was denied on August 6, 2009.  (ECF No. 8-1 at 7-8; ECF No. 8-2.)  The Colorado Court of Appeals affirmed the denial, but remanded to the trial court for correction of the mittimus, which erroneously reflected the attempted sexual assault conviction as a class five felony rather than as a class four felony.  (ECF No. 8-7, *People v. King,* No. 09CA1878 (Colo. App. Sept. 2, 2010)).  Applicant's petition for rehearing was denied on December 30, 2010.  (ECF No. 8-8.)  Applicant did not seek certiorari review.

On or around April 14, 2011, the trial court corrected the mittimus by merging count two (attempted sexual assault), a class 5 felony, with the related count three (sexual assault sentence enhancer), a class 4 felony, but not dismissing either count.  (ECF No. 8-1 at 3-4, 6; ECF No. 11-4.)  An amended mittimus was issued on July 12, 2011.  (ECF No. 8-1 at 6; ECF No. 11-4.)

On April 9, 2014, Applicant filed a Colo. R. Crim. P. 35(c) motion, which he supplemented on May 7, 2014.  (ECF No. 8-1 at 6; ECF Nos. 11-1 and 11-2.)  On August 19, 2014, the trial court denied the postconviction motions as untimely.  (ECF No. 8-1 at 6.)  Applicant did not appeal.

On September 26, 2014, Applicant filed a petition in this Court in *King v. Miller,* Case No. 14-cv-02662-LTB (D. Colo. Sept. 26, 2014).  The Court reviewed the document, determined that it was deficient, and ordered Applicant to cure certain enumerated deficiencies within thirty days if he wished to pursue his claims.  On November 7, 2014, the Court dismissed the action without prejudice for failure to cure the designated deficiencies as directed.

On November 25, 2014, Applicant initiated the instant action by filing his § 2254 Application.  He asserts the following two claims: (1) "District Court by vacating count 2 and adding count 3 violated Double Jeopardy, Equal [sic], Fairness and Due Process

3

Protections of the Federal Constitution;" and (2) "Fatal Variance between Complaint and Information, Jury Instructions, and Plaintiff's Sentence on Count 2 was Imposed Inconsistence [sic] with 2003 Statute, in furtherance of the Constitutional Violations of the Fourteenth Amendment." (ECF No. 1 at 8.)

### A. Timeliness

Respondents argue that both claims are untimely but for different reasons under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  (*See* ECF No. 8 at 6-9.)

Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> ©  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 1. Claim One

Claim one challenges the merging of counts two and three by the trial court in April 2011 pursuant to the Colorado Court of Appeals' remand instructions for correction of the mittimus reflecting that Applicant had been convicted of a class four felony. Applicant argues that the trial court's action violated his rights against double jeopardy, equal protection, and due process. Respondents concede that the trial court's action "arguably would constitute the factual predicate for the claim, and trigger a starting date under § 2244(d)(1)(D) that is later than the conclusion of direct review." (ECF No. 8.) The Court agrees and finds that the limitation period for claim one commenced on or around April 14, 2011, when the factual predicate of the claim could have been discovered through the exercise of due diligence by Applicant. Thus, the one-year limitation period began to run on or around April 14, 2011 and ran unabated until it expired on or around April 14, 2012. *See United States v. Hurst,* 322 F.3d 1256, 1261 (10th Cir. 2003) (the last day to timely file a federal habeas application is the anniversary date of the event that triggered the running of the one-year limitation period set out in § 2244(d)(1)). Even assuming that Applicant could not have discovered the factual predicate for claim one until the amended mittimus was issued on July 12, 2011, the one-year limitation period would have ran unabated until it expired on July 12, 2012.

Construing Applicant's Reply liberally, he argues that he filed a state court postconviction motion on April 9, 2014, which should toll the one-year limitation period. (*See* ECF No. 11 at 1-3.) Pursuant to 28 U.S.C.§ 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Moreover, "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will

5

toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Here, Applicant's April 9, 2014 state postconviction motion was filed well beyond the one-year period allowed by the AEDPA. Thus, the motion did not toll the limitation period and claim one is time-barred.

### 2. Claim Two

Claim two challenges the jury instructions given at Applicant's trial. Thus, claim two challenges Applicant's underlying conviction and therefore, the triggering event for the start of the limitation period is the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review under § 2244(d)(1)(A).

As noted above, the Colorado Supreme Court denied Applicant's petition for writ of certiorari on direct appeal on February 15, 2007. Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Applicant had ninety days to seek review in the United States Supreme Court but he did not do so. Therefore, the Court finds that Applicant's conviction became final on May 17, 2007, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.

The Court also finds that the one-year limitation period began to run for claim two on May 17, 2007, because Applicant does not contend he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before the judgment became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

Applicant did not initiate this action within one year after May 17, 2007. Therefore, the Court next must determine whether any of Applicant's state

postconviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz*, 531 U.S. at 8. These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws." *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

As noted above, Applicant filed a postconviction motion on May 11, 2007, and thus the motion was pending when the time expired for Applicant to seek review in the United States Supreme Court on May 17, 2007. Thus, the limitation period was

immediately tolled and tolling continued until October 15, 2007, when the time expired to appeal the trial court's August 30, 2007 order denying Applicant's motions for postconviction relief. See Colo. App. R. 4(b) (for appeals initiated before July 1, 2012, a defendant had 45 days to file a notice of appeal).

The limitation period then began to run on October 16, 2007, and ran for **146** days until Applicant filed his Colo. R. Crim. P. 35(a) motion on March 10, 2008. Tolling continued until July 14, 2008, when the time expired to appeal the trial court's May 29, 2008 order. See Colo. App. R. 4(b) (for appeals initiated before July 1, 2012, a defendant had 45 days to file a notice of appeal). Moreover, Applicant's attempt to appeal the May 29, 2008 order did not toll the limitation period because the appeal was dismissed as untimely, and thus not "properly filed" under § 2244(d). See Hoggro v. Boone, 150 F.3d 1223, 1227 n.5 (10th Cir. 1998); see also Jones v. Oklahoma, 191 Fed. Appx. 752, 754-55 (10th Cir. 2006) (untimely state postconviction appeal is not properly filed and does not toll the one-year limitation period) (citing Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005)).

When the one-year limitation period began to run again on July 15, 2008, only 219 days remained (365 - 146 = 219). Beginning on July 15, 2008, the remaining **219** days ran unabated until the one-year limitation period expired on February 19, 2009. Applicant did not file his next motion for postconviction relief until June 1, 2009, which did not toll the limitation period. See Clark, 468 F.3d at 714 (holding that only state postconviction petitions filed within the one year allowed will toll the statute of limitations). Thus, claim two is time-barred in the absence of some other reason to toll the one-year limitation period.

"[T]he timeliness provision in the federal habeas corpus statute is subject to

equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Mack v. Falk*, 509 F. App'x 756, 760 (10th Cir. 2013) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)) (quotation marks and citations omitted). The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang*, 525 F.3d at 930.

Applicant fails to present any argument that would justify equitable tolling of the one-year limitation period. Therefore, the Court finds no basis for equitable tolling.

### III. Conclusion

Based on the above findings, this action will be dismissed as untimely under 28 U.S.C. § 2244(d).

The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 is denied and this action is dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  11th  day of   February   , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court